UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ABEL JURADO-ALVAREZ, | Case No. 5:26-cv-03948-DTB |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, et al., | |
| Respondents. | |

**I.**

**PROCEEDINGS**

On July 15, 2026, petitioner Abel Jurado-Alvarez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Docket No. 1). The Petition alleges the following claims for habeas relief: (1) Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) is ultra vires; (2) Petitioner's detention without an individualized bond hearing violates the Immigration Nationality Act ("INA") and Petitioner's right to due process under the Fifth Amendment; and (3) The 2025 policy of the Department of Homeland Security

1

("DHS") "expanding § 1225(b)(2)(A) detention to individuals long present in the [United States]" and the Bureau of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) violate the Administrative Procedures Act. (Docket No. 1 at 4, 8-10).[1]  The Petition seeks, among other things, Petitioner's immediate release from custody or, in the alternative, an individualized bond hearing before a neutral Immigration Judge.  (Id. at 11-12).

On July 26, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondent filed an Answer to the Petition ("Answer"). (Docket No. 10).  In the Answer, after stating that Petitioner's detention is governed by 8 U.S.C. § 1226(a) (id. at 2-3), Respondent acknowledged that Petitioner appeared to be a member of the Bond Eligible Class of detainees certified in Maldonado Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal 2025) ("Bautista"), and that, as such, Petitioner is entitled to a bond hearing pursuant to the judgment in Bautista.  (Id. at 3-4 ["Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."]).[2]  In the Answer, Respondent also states that "[w]hile Petitioner seeks

[1]    For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

[2]    The members of the certified Bond Eligible Class are:  "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  Bautista, 813 F. Supp. 3d at 1077-78.
On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class.  See Bautista, 813 F. Supp. 3d at 1084.  Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory

immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Id. at 4).

On July 22, 2026, Petitioner filed a Reply. (Docket No. 10).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court recommends that the Petition be granted.

///

///

///

///

///

---

detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act. Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal." Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (C.D. Cal. Apr. 17, 2026) (citation omitted). "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal." Vivas v. Santacruz, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted). Therefore, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California." Id.

As such, the declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201(a); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted). As parties to Bautista, Respondents are obligated to comply. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

## II.

## BACKGROUND

The factual allegations in the Petition are sparse.  Petitioner entered the United States and has lived in the United States continuously since 1996.  (Petition at 2, 7). Petitioner is in a long-term relationship with a woman with whom he has had two children, both United States citizens.  (Id.).  Petitioner has no criminal history or prior immigration issues.  (Id.).

On July 8, 2026, as he was walking to his car after leaving his place of employment, Petitioner was arrested and detained by United States Immigration and Customs ("ICE") agents.  (Id.).  On an unspecified date, ICE/DHS issued Petitioner a Notice to Appear charging him with inadmissibility under INA § 212(a)(6)(A)(i). (Id. at 8).

For two days following his detention, Petitioner was denied contact with the outside world, including family and counsel.  (Id. at 2).  Since being detained, Petitioner has been permitted to have only one 15-minute telephone call with his attorney.  (Id.).

Petitioner is being detained at the Adelanto ICE Processing Center in Adelanto, California.  (Id. at 2, 5, 7-8; see https:/locator.ice.gov/odls/#/results).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in

custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## IV.

## DISCUSSION

### A.     Habeas Relief is Warranted.

Given Respondents' election not to oppose the merits of the claims alleged in the Petition, the Court considers Respondents to have consented to the facts and arguments raised in the Petition pursuant to Central District of California Local Civil Rule 7-12.  Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.

Respondents' non-opposition itself provides a basis to grant the Petition.  See Singh v. Chiang, Case No. 5:25-cv-3024-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing the government's failure to oppose argument raised by habeas petitioner as a concession); Soleimani v. Larose, Case No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where the government's answer to the petition did not respond to all claims in the petition).

/ / /

/ / /

Moreover, Respondents do not appear to oppose a <u>Bautista</u> bond hearing for Petitioner pursuant to 8 U.S.C. § 1226(a).  (Docket No. 9 at 3-4).[3]  Accordingly, on this record, the Court finds that Petitioner's continued detention violates 8 U.S.C. § 1226(a) and Petitioner's right to due process.  (Docket No. 1 at 4, 8-9).

Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, and in which the government bears the burden of proof by clear and convincing evidence.  <u>See</u> <u>Bautista v. Santacruz</u>, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), <u>judgment entered sub. nom.</u>, <u>Bautista v. Noem</u>, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025); <u>see</u> <u>also</u> <u>Urias v. Lyons</u>, Case No. 5:26-cv-02697-JAK-MAR, 2026 WL 1683497, at *2-3 (C.D. Cal. June 10, 2026).[4]

---

[3]    To the extent that Respondents contend that Petitioner should be denied habeas relief because he has failed to request a bond hearing under 8 U.S.C. 1226(a), as required by 8 C.F.R. § 1003.19(b) ("Application for an initial bond redetermination by a respondent, or his or her attorney or representative, may be made orally, in writing, or, at the discretion of the Immigration Judge, by telephone.") (<u>see</u> Docket No. 9 at 4-5 ["By regulation, the detainee must affirmatively request such a hearing before an [Immigration Judge]."), the Court rejects Respondents' contention.  First, contrary to Respondents' assertion, 8 C.F.R. § 1003.19(b), on its face, does not require a detainee to make a request for a bond hearing under § 1226(a), and Respondents have not cited any authority supporting their contention.  Second, Respondents' contention reflects a serious misunderstanding about the state of the law.  As discussed in footnote 2 above, Respondents – without a request for a bond hearing – are obligated to provide Bond Eligible Class members, such as Petitioner, a bond hearing pursuant to 8 U.S.C. § 1226(a).  Third, Respondents' contention does not take into account the problems with imposing a bond hearing request on detainees such as Petitioner, who alleged that he was denied contact with family and counsel for two days following his detention and that he has been permitted to have only limited contact with his attorney since his detention (<u>see</u> Docket No. 1 at 2; Docket No. 10 at 4-5).

[4]    Although Petitioner repeatedly refers to the Immigration Court's claimed lack of jurisdiction over a bond hearing (<u>see</u> Docket No. 1 at 2 ["[Petitioner] is unable to seek a bond hearing due to a claimed lack of jurisdiction by the Immigration Court."], 8 ["The Adelanto Immigration Court has ruled that the Court lacks bond jurisdiction, citing <u>Matter of Yajure Hurtado</u> and the DHS memorandum extending § 1225(b)(2)(A) to 'arriving aliens' already present in the U.S.  The Immigration Court has further ruled that is [sic] lacks jurisdiction in light of <u>Maldonado Bautista v. Santacruz</u>, Case No. 5:25-cv-01873-SSS-BFM."]; Docket No. 10 at 4 ["[T]he Immigration Court asserted that it lacked jurisdiction because DHS classified Petitioner under §

For the reasons set forth above, the Petition is granted, and a writ shall issue ordering Respondents to provide Petitioner with a bond hearing.[5]

## IV.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered:  (1) Granting the Petition; (2) ordering Respondents to provide Petitioner Abel Jurado-Alvarez (A# 246-062-034) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1, and at which the government bears the burden of proof of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community,[6]  within seven (7) days of the date of the date of this Order; (3) ordering Respondents to provide the immigration judge conducting the bond hearing with a copy of this Order; (4) ordering Respondents to release Petitioner from custody within eight (8) days following the date of this Order if he has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (5) ordering Respondents to file a status report within two (2) business days of the date

---

1225(b) pursuant to Matter of Yajure Hurtado and subsequent agency policy."), Petitioner has not presented any evidence that an immigration judge actually found that he or she lacked jurisdiction over a bond hearing for Petitioner.

While the Court acknowledges Petitioner's concerns about possible issues with a bond hearing (see Docket No. 1 at 2-4, 8; Docket No. 10 at 2, 4-5), the Court is unable to find, at this time, on this record, that a bond hearing for Petitioner is futile.

[5]    The Court's determination that Petitioner is entitled to habeas relief on the second claim alleged in the Petition renders it unnecessary for the Court to address the other claims alleged in the Petition.

[6]    The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioner on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders.  See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006).  In addition, the immigration judge must provide the reasons for the decision orally or in writing.  See 8 C.F.R. § 1003.19(f).

of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: July 28, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

8