**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| ABEL JURADO-ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, et al.,<br><br>Respondents. | Case No. 5:26-cv-03948-DTB<br><br>**J U D G M E N T** |

Pursuant to the Order Granting Petition for Writ of Habeas Corpus,

IT IS ADJUDGED that the Petition is granting and Respondents are ordered to provide Petitioner Abel Jurado-Alvarez (A# 246-062-034) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1, and at which the government bears the burden

/ / /

/ / /

/ / /

/ / /

of proof of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community,[1] within seven (7) days of the date of the date of this Order.

Respondents are ordered to provide the immigration judge conducting the bond hearing with a copy of the Order Granting Petition for Writ of Habeas Corpus.

Respondents are ordered to release Petitioner from custody within eight (8) days following the date of the Order Granting Petition for Writ of Habeas Corpus if he has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

Respondents are ordered to file a status report within two (2) business days of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with the Order Granting Petition for Writ of Habeas Corpus.

DATED: July 28, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

[1] The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioner on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders. See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006). In addition, the immigration judge must provide the reasons for the decision orally or in writing. See 8 C.F.R. § 1003.19(f).